## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRUCE RICHARD FRIEDMAN, | ) | CASE NO. 8:15CV137 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNITED HEALTHCARE SERVICES, INC.; | ) | |
| OPTUMRX, INC.; MILLARD | ) | |
| REFRIGERATED SERVICES, LLC, and | ) | |
| LINEAGE LOGISTICS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Motion to Dismiss (Filing No. 17) submitted by Defendants Millard Refrigerated Services, LLC ("Millard"), and Lineage Logistics, LLC ("Lineage"). For the reasons discussed below, the Motion will be granted.

### FACTS

Plaintiff Bruce Richard Friedman ("Friedman") alleges that Millard and Lineage, along with Defendants United Healthcare Services, Inc., and OptumRX, Inc., practiced medicine without a license, refused to comply with written prescriptions, refused to pay for prescriptions according to contractual obligations, and refused to reimburse him for his prescriptions, all beginning in November 2014 and continuing through the filing of his First Amended Pro Se Civil Complaint. (Filing No. 10 at 2.) Based on those general factual allegations, Friedman asserts that all Defendants altered his course of treatment, interfered with his doctor-patient relationship, refused to follow medical directions, and violated the Health Insurance Portability and Accounting Act of 1996, 42 U.S.C. § 1320d-1 *et seq*. ("HIPAA"). (Filing No. 10 at 3.) He bases this Court's jurisdiction on diversity of citizenship of the parties, and federal law, *i.e*., HIPAA. (Filing No. 10 at 4.)

Millard and Lineage have moved to dismiss Friedman's action against them, asserting that (1) he has failed to state any claims on which relief can be granted; (2)

liberally construed, his claims fall under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*. ("ERISA"), and he has failed to exhaust his administrative remedies, *see*, *e.g.*, *Brown v. J.B. Hunt Transport Services, Inc.*, 586 F.3d 1079, 1084 (8th Cir. 2009) ("[F]ederal courts have universally construed [29 U.S.C.] § 1133 to require exhaustion."); and (3) there is no private right of action under HIPAA.

Millard and Lineage submitted a brief (Filing No. 18) in support of their Motion. Friedman submitted no responsive brief.

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A]lthough a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Instead, the complaint must set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 630 (citing *Twombly*, 550 U.S. at 570).

"'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). "'Courts must accept . . . specific factual allegations as true but are not required to accept . . . legal conclusions.'" *Outdoor Cent., Inc. v. GreatLodge.com, Inc.,* 643 F.3d 1115, 1120 (8th Cir. 2011) (quoting *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010)). "A pleading that merely pleads 'labels and conclusions,' or a 'formulaic recitation' of the elements of a cause of action, or 'naked

assertions' devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).  The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *Williams v. Hobbs,* 658 F.3d 842, 848 (8th Cir. 2011) (quoting *Parhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009)).

When ruling on a defendant's motion to dismiss, a judge must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).  The complaint, however, must still "include sufficient factual allegations to provide the grounds on which the claim rests." *Drobnak v. Andersen Corp.,* 561 F.3d 778, 783 (8th Cir. 2009).

"Two working principles underlie . . . *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.* at 1950 (citing *Twombly,* 550 U.S. at 556).  "Determining whether a complaint states a plausible claim for relief will . . .  be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

## DISCUSSION

First, it is not apparent that this Court has jurisdiction based on diversity of citizenship of the parties.  Friedman asserts that he is a citizen of the state of Nebraska and the Defendants are "businesses incorporated outside Nebraska."  (Filing No. 10-2 at

4.) Even assuming the two corporate Defendants, United Health and Life Insurance Company and OptumRX, Inc., both are incorporated outside Nebraska and have principal places of business outside Nebraska, *see* 28 U.S.C. § 1332(c)(1), Millard and Lineage are *limited liability companies*, and there is no information in the record regarding the citizenship of their members. *See GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.,* 357 F.3d 827, 829 (8th Cir. 2004) ("[A]n LLC's citizenship is that of its members for diversity jurisdiction purposes . . . ."). As for Friedman's assertion that "HIPAA is a federal law," Millard and Lineage are correct that "HIPAA does not create a private right of action." *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010) ( citing *Adams v. Eureka Fire Prot. Dist.*, 352 Fed.Appx. 137, 139 (8th Cir.2009); *Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir.2006)).

The Court will not attempt to construe Friedman's First Amended Pro Se Civil Complaint so liberally as to infer some cause of action under ERISA, and then dismiss the claims against Millard and Lineage based on Friedman's failure to exhaust his administrative remedies. Instead, the Court simply concludes that Friedman's allegations are so threadbare that he has failed to state any plausible claim for relief against Millard or Lineage.

Accordingly,

IT IS ORDERED:

1. The Motion to Dismiss (Filing No. 17) submitted by Defendants Millard Refrigerated Services, LLC, and Lineage Logistics, LLC, is granted;

2. The Plaintiff's claims against Defendants Millard Refrigerated Services, LLC, and Lineage Logistics, LLC, are dismissed, without prejudice; and

3.      The Clerk will modify the caption to remove Defendants Millard Refrigerated

Services, LLC, and Lineage Logistics, LLC, as parties.


DATED this 2nd day of July, 2015.

BY THE COURT:


s/Laurie Smith Camp
Chief United States District Judge